**FILED**

Jun 26 2020, 11:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANTS

Stacey M. Davis
Law Office of Stacey M. Davis LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Danielle L. Gregory
Law Office of Danielle L. Gregory
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Teresa Tapia Sevilla and Alfonso Sevilla, | June 26, 2020 |
| *Appellants-Intervenors/Claimants,* | Court of Appeals Case No. 19A-JP-2016 |
| v. | Appeal from the Marion Superior Court |
| Maria Lopez, | The Honorable Sheryl L. Lynch, Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 49C01-1605-JP-230 |

**Baker, Judge.**

[1] J.L. (Child) was born to Maria Lopez (Mother) and Jimmy Sevilla (Father), who were not married. Father died, but after his death his blood was submitted for a DNA test, which established that he was Child's biological father. A paternity cause was opened, but a paternity order has never been entered. Father's parents, Teresa Tapia-Sevilla and Alfonso Sevilla (Grandparents), filed a motion to intervene and a request for grandparent visitation. The trial court granted the motion to intervene, and Mother sought to voluntarily dismiss the paternity cause. The trial court granted the motion to dismiss, thereby extinguishing the Grandparents' ability to seek grandparent visitation.

[2] Finding that the Grandparents' request for grandparent visitation is akin to a counterclaim or cross-claim for the purpose of Trial Rule 41(A), we reverse the trial court's dismissal of the paternity cause and remand with instructions to enter a paternity order and conduct further proceedings on the request for grandparent visitation.

## Facts[1]

[3] Child was born in June 2015, and at some point, she was found to be a Child in Need of Services (CHINS). During the CHINS case, which lasted for over two years, Child was placed in the care and custody of Grandparents.

---

[1] Mother filed a motion to strike the Grandparents' appendix. By separate order, we grant the motion to the extent that the appendix contains documents that were not in the record before the trial court. Otherwise, we deny it.

[4] While the CHINS case was ongoing, the juvenile court ordered Father to complete a DNA test so that paternity could be established if he was Child's biological father. Before that occurred, Father was killed in January 2016. Grandparents ensured that a vial of his blood was collected and submitted for DNA testing. The DNA test confirmed that Father was, indeed, Child's biological father. On May 4, 2016, Mother filed a petition to establish paternity in the juvenile court.

[5] On December 6, 2017, Child was returned to Mother's care and custody, and on March 21, 2018, the juvenile court closed the CHINS case because Mother had successfully completed all required services. Under the paternity cause, the juvenile court noted that DNA testing had been completed; the juvenile court then transferred the cause to paternity court for completion of the paternity process. No paternity order was entered.

[6] On October 23, 2018, Grandparents filed a petition to intervene and request for grandparent visitation under the paternity cause. The paternity court granted the petition to intervene. In February 2019, Mother and Grandparents informed the court that they had reached an agreement that allowed Grandparents to enjoy visitation with Child. On February 11, 2019, the trial court entered an agreed order summarizing the visitation agreement and indicating that Mother and the Grandparents agreed that it was in Child's best interests to have visitation with Grandparents; the order was temporary and indicated that a final hearing would occur in May. Nine days later, on February 20, 2019, Mother filed a motion to dismiss the paternity cause and a

request to stay the temporary order permitting grandparent visitation. Grandparents objected.

[7] On April 1, 2019, the parties appeared for a hearing and argued in support of their positions; no evidence was presented. The trial court ultimately granted Mother's motion to dismiss the paternity cause. Grandparents filed a motion to correct errors. Following argument, the trial court reached the same result, dismissing the paternity action. Grandparents now appeal.

## Discussion and Decision

[8] Grandparents argue that the trial court erroneously dismissed the paternity action and denied their request for grandparent visitation.[2] As this issue turns solely on a matter of law and not on consideration of evidence, we apply a de novo standard of review. *In re I.I.P.*, 92 N.E.3d 1158, 1161-62 (Ind. Ct. App. 2018).

[9] Trial Rule 41(A)(1)(a) provides that a plaintiff may dismiss her action without order of the court by "filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment[.]" Under other circumstances, the trial court may enter an order dismissing an action at the plaintiff's request "upon such terms and conditions as the court deems

---

[2] To the extent that Grandparents argue that the paternity court erred by granting their petition to intervene in the paternity cause before considering whether paternity had been established, we confess our confusion. Were we to find that the paternity court had erred in this way (which we do not), the remedy would have been to reverse the grant of the petition to intervene, which is surely not the outcome sought by Grandparents.

proper. If a counterclaim or cross-claim has been pleaded by a defendant . . . , the action *shall not* be dismissed against the defendant's objection unless the counterclaim or cross-claim can remain pending for independent adjudication by the court." T.R. 41(A)(2) (emphasis added). The purpose of this rule is "to eliminate evils resulting from the absolute right of a plaintiff to take a voluntary nonsuit at any stage in the proceedings before the pronouncement of judgment and after the defendant had incurred substantial expense or acquired substantial rights." *Rose v. Rose*, 526 N.E.2d 231, 234 (Ind. Ct. App. 1988). Generally, dismissals should be permitted "unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit." *Id.*

[10] Here, the Grandparents filed a petition to intervene in the paternity cause. When the trial court granted their petition to intervene, the Grandparents formally became part of the paternity cause. Upon becoming parties to the case, the Grandparents pursued their claim for grandparent visitation, and Mother eventually contested that claim. While paternity causes do not generally include counterclaims or cross-claims, we can only conclude that the substantive nature of the request for grandparent visitation equates to the same.[3] To permit Mother to dismiss the paternity cause after the Grandparents had

---

[3] Likewise, we find that the motion for grandparent visitation removes this case from the purview of Trial Rule 41(A)(1), which applies only where the adverse party has not served an answer or summary judgment motion. Again, paternity causes do not generally include answers or summary judgment motions, but we find that the Grandparents' intervention and motion for visitation sufficed to make them a part of the case such that Mother could not voluntarily dismiss the action without a court order under Trial Rule 41(A)(2).

already intervened would substantially prejudice—if not extinguish—their right to pursue visitation with their grandchild.[4] Under these circumstances, we can only find that the trial court erred by granting Mother's motion to dismiss the paternity petition.

[11] As for paternity itself, no one disputes that Father is, in fact, Child's biological father. When the juvenile court closed the CHINS case, it declined to issue an order establishing paternity. Given that the DNA test conclusively establishes that Father was Child's biological father, upon remand, we direct the paternity court to enter a paternity order to that effect. We also direct the paternity court to hold further proceedings on the Grandparents' request for visitation with Child and to issue an order on that request.

[12] The judgment of the trial court is reversed and remanded with instructions to enter a paternity order showing that Father is Child's biological father and for further proceedings on the request for grandparent visitation.

Bradford, C.J., and Pyle, J., concur.

---

[4] Indiana Code section 31-17-5-1(b) provides that a court "may not grant visitation rights to a paternal grandparent of a child who is born out of wedlock . . . if the child's father has not established paternity in relation to the child."